UNITED STATES DISTRICT COURT
for the
Middle District of Florida

Civil Action Case No. 6:21-cv-2049-RBD-GJK

SUSAN B. BRAYTON,

    Plaintiff/Counter-Defendant,

vs.

ENDODONTIC ASSOCIATES OF BREVARD, P.A.,
a Florida corporation,

    Defendant/Counter-Plaintiff,
_____ /

## AMENDED ANSWER AND AFFIRMATIVE DEFENSES, AND COUNTERCLAIM

Defendant/Counter-Plaintiff, ENDODONTIC ASSOCIATES OF BREVARD, P.A. (EAB), hereby answers the Complaint filed by Plaintiff/Counter-Defendant, SUSAN B. BRAYTON (Ms. Brayton) as follows:

### JURISDICTION AND VENUE

1. Admitted for jurisdictional purposes only.

2. Admitted.

3. Denied.

4. Admitted for venue purposes only.

5. Admitted.

6. Admitted.

1

7. Admitted.

8. EAB admits that it employed ten or more employees at all times material.

9. Admitted.

10. Admitted.

11. EAB has insufficient knowledge to verify the allegations in paragraph 11 and therefore denies same.

## FACTUAL ALLEGATIONS

12. Admitted.

13. Denied.

14. Denied.

15. EAB admits that Dr. Hernandez's children were on EAB's payroll but denies the remaining allegations in paragraph 15.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. EAB admits that the doctors had a meeting with Ms. Brayton on May 5, 2020.

21. Admitted.

22. EAB denies the allegation that it did not notify Ms. Brayton regarding the termination or reduction of her insurance benefits. EAB advised Ms. Brayton that her insurance benefits would remain in effect through the end of May, 2020. EAB has insufficient knowledge to verify the remaining allegations in paragraph 22. EAB hired an interim office manager to assume Ms. Brayton's job duties and instructed the interim office manager to work with the plan administrator, WageWorks, Inc. to provide all required notices and information to Ms. Brayton. EAB has verified that the interim office manager contacted WageWorks with regard to the termination of Ms. Brayton's employment but has not yet verified whether the required notices and information were thereafter provided to Ms. Brayton.

23. Admitted.

24. EAB has insufficient knowledge to verify the allegations in paragraph 24 and therefore denies same.

25. The referenced statutory provisions speak for themselves and paragraph 25 merely states a legal conclusion to which no response is required.

26. EAB admits that the date calculation is correct, subject to its affirmative defenses including the small employer exception.

27. EAB has insufficient knowledge to verify the allegations in paragraph 27 and therefore denies same.

28. EAB has insufficient knowledge to verify the allegation in paragraph 28 and therefore denies same.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. EAB states that the case of *Aery v. Wallace Lincoln-Mercury, LLC*, 118 So. 3d 904, 916 (Fla. 4th DCA 2013) speaks for itself. EAB states further that Ms. Brayton's interpretation of Florida's Private Whistleblower Act (FWA) is inconsistent with the plain language of the statute, which provides a remedy only where an employee objects to or refuses to participate in an actual violation of a law, rule, or regulation. *See Kearns v. Farmer Acquisition Co.*, 158 So. 3d 458 (Fla. 2d DCA 2005). *See also In Re: Standard Jury Instructions in Civil Cases –*

*Report No. 17-04*, 230 So. 3d 815 (Fla. 2017); *Smith v. Psychiatric Sols, Inc.*, 2009 WL 903624, *7 (N.D. Fla. March 31, 2009), aff'd 58 Fed. Appx. 76 (11th Cir. 2009); *Norman v. Bright Horizons Family Sols*, 214 WL 272720, *5 (M.D. Fla. January 23, 2014); *Charlton v. Republic Servs. of Fla. L.P.*, 2010 WL 2232677, *3 (S.D. Fla. June 2, 2010); *Graddy v. Wal-Mart Stores East*, 237 F. Supp. 3d 1223, 1227 (M.D. Fla. 2017).

38. Denied.

39. Denied.

40. EAB has insufficient knowledge to verify the allegations in paragraph 40 and therefore denies same.

## COUNT I – Failure to Provide Notice of "Qualifying Event"

41. EAB restates here the answers in paragraphs 1, 2, 4, 5, 9 through 12, 20 through 28, and 40 above.

42. EAB states that the referenced statute speaks for itself and paragraph 42 merely states a legal conclusion to which no response is required.

43. Admitted, subject to EAB's affirmative defenses.

44. Paragraph 44 merely states a legal conclusion to which no response is required.

45. Denied.

46. Denied.

47. EAB has insufficient knowledge to verify the allegations in paragraph 47 and therefore denies same.

48. Denied.

## COUNT II – Florida's Private Whistle Blower Act

49. EAB restates here the answers in paragraphs 1, 3 through 8, 12 through 21, and 29 through 40 above.

50. Denied.

51. Denied.

52. Denied.

53. EAB hereby denies each and every allegation in Ms. Brayton's Complaint not specifically admitted above.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Count I of the Complaint is barred to the extent that EAB employed fewer than 20 persons during the relevant time period, pursuant to 29 U.S.C. § 1161(b).

### Second Affirmative Defense

Count I of the Complaint is barred or limited to the extent there may have been an unintentional violation of the law that was corrected within thirty (30) days after discovery of the violation.

### Third Affirmative Defense

Count II of the Complaint fails because Ms. Brayton's employment was terminated for legitimate, non-retaliatory reasons unrelated to any statutorily protected expression by Ms. Brayton.

### Fourth Affirmative Defense

The conduct that Ms. Brayton complains of was not and is not illegal and therefore she was not terminated in violation of Section 448.102(3), *Florida Statutes*.

### Fifth Affirmative Defense

Count II of the Complaint fails because it does not allege sufficient ultimate facts to state a cause of action for violation of Florida's Private Whistleblower Act. For example, Ms. Brayton alleges at paragraph 19 of her Complaint that she objected to alleged violations of seven different statutes, but she fails to allege what acts or omissions of EAB allegedly constitute violations of those statutes.

### Sixth Affirmative Defense

Count II of the Complaint fails to the extent that it is premised merely on Ms. Brayton's belief that EAB violated a law, rule or regulation, rather than actual violations.

### Seventh Affirmative Defense

Count II of the Complaint fails to the extent that she did not engage in statutorily protected expression.

### Eighth Affirmative Defense

To the extent Ms. Brayton may have engaged in any statutorily protected expression, the same was not causally connected to any adverse employment action.

### Ninth Affirmative Defense

Count II of the Complaint is barred or limited by her failure to provide written notice to EAB of any alleged violation of a law, rule or regulation.

### Tenth Affirmative Defense

Florida law imposes a duty on claimants to take reasonable steps to mitigate their damages. To the extent Ms. Brayton has failed to do so, any recovery to which she might be otherwise entitled must be reduced accordingly.

### Eleventh Affirmative Defense

Count I of the Complaint fails to the extent Ms. Brayton failed to exhaust administrative remedies under the Plan.

### Twelfth Affirmative Defense

Ms. Brayton's claims fail to the extent they are time-barred by applicable statutory limitation periods.

### Thirteenth Affirmative Defense

Ms. Brayton's claims are barred or limited by the fact ERISA does not permit relief in the form of compensatory or consequential damages.

### Fourteenth Affirmative Defense

Ms. Brayton's claims are barred or limited by the doctrine of latches, in that she unreasonably delayed pursuit of the issues raised in her Complaint.

### Fifteenth Affirmative Defense

Ms. Brayton's claims are barred or limited to the extent they are premised on the acts or omissions of non-parties beyond the control of EAB.

### Sixteenth Affirmative Defense

In the event Ms. Brayton is entitled to any recovery in this case, Defendant is entitled to a set off based on Ms. Brayton's breaches of fiduciary duties, constructive fraud, conversion and unjust enrichment described in the

9

Counterclaim below.

## DEMAND FOR ATTORNEYS' FEES

Defendant/Counter-Plaintiff, ENDODONTIC ASSOCIATES OF BREVARD, P.A., has retained the undersigned counsel and firm to represent its interests in this case, it is obligated to pay its attorneys a reasonable fee for their services, and it hereby demands an award of costs and reasonable attorneys' fees incurred in this action.

## COUNTERCLAIM

Defendant/Counter-Plaintiff, ENDODONTIC ASSOCIATES OF BREVARD, P.A. (EAB), hereby sues Plaintiff/Counter-Defendant, SUSAN B. BRAYTON.

### Common Allegations

1. EAB is a Florida professional association authorized to and conducting business in Brevard County, Florida.

2. Ms. Brayton is an individual residing in Brevard County, Florida.

3. The acts and events giving rise to the causes of action herein occurred in Brevard County, Florida.

4. This Court has supplemental jurisdiction over EAB's counterclaims as they arise out of the same employment relationship as Ms. Brayton's claims.

5. Venue is proper pursuant to 28 U.S.C. § 1391, as Defendant resides in Brevard County, Florida and the wrongful acts complained of occurred in this judicial district.

6. EAB operates an endodontic dental practice and Ms. Brayton was employed as EAB's practice manager for more than ten years.

7. As the practice manager, Ms. Brayton managed EAB's health, dental and vision insurance plans. She managed employee, spouse and dependent participation in the plans, employee payroll deductions to pay for plan premiums, and payments from EAB to plan providers.

8. Under EAB's policies, all employees were entitled to enroll in EAB's medical, dental and vision insurance plans after sixty days' of employment.

9. EAB paid one-half of the cost of medical insurance premiums and participating employees paid the other half through payroll deduction. However, years prior to Plaintiff's termination EAB agreed to pay 100 percent of her individual medical insurance premiums as an additional job benefit.

10. Employees electing to participate in the dental or vision plans were responsible for all premiums for those plans through payroll deduction.

11. Spouses and dependent children of employees were also eligible for coverage under the medical, dental and vision plans, but EAB did not contribute to

the cost so Plaintiff and other employees were responsible for all such premiums through payroll deduction.

12. As EAB's practice manager, Ms. Brayton oversaw plan enrolment for employees who elected medical, dental or vision insurance coverage for themselves, their spouses and dependents. Ms. Brayton also ensured that participating employees paid the premiums for individual dental and vision coverage, and for all spouse and dependent coverage through employee payroll deduction.

13. However, while Ms. Brayton ensured that other employees paid for all insurance coverages pursuant to EAB's policies, she procured insurance for herself and her son without paying the premiums for which she was responsible, through payroll deduction or otherwise. Such coverages included individual dental and vision insurance as well as medical, dental and vision insurance for her dependent.

14. Not only did Ms. Brayton fail to pay the insurance premiums she owed, but she also manipulated EAB's business records including her own paystubs to create the false impression that she was in fact paying for all coverages she elected and received.

15. By using her practice manager position to secretly cause EAB to pay insurance premiums that were her personal responsibility, and by manipulating

EAB's business records to conceal her deception, Ms. Brayton engaged in a form of embezzlement; she perpetrated a fraud on EAB; she breached her fiduciary duty to the company; and she was unjustly enriched.

16. Ms. Brayton's malfeasance was concealed for years by the fact she alone managed employee and dependent participation in EAB's medical, dental and vision insurance plans, and she alone managed employee payroll deductions to pay insurance premiums. EAB did not know or have reason to know of Ms. Brayton's malfeasance until her fraud came to light while EAB gathered documents and information to prepare responses to Ms. Brayton's discovery requests in this action.

## COUNT I – Breach of Fiduciary Duty

17. EAB incorporates here the common allegations above.

18. As EAB's practice manager, Ms. Brayton owed a fiduciary duty to the company throughout the duration of her employment.

19. Ms. Brayton breached her fiduciary duty to EAB by embezzling insurance premiums and falsifying business records to conceal her malfeasance.

20. EAB suffered damages as a direct and proximate result of Ms. Brayton's actions.

WHEREFORE, EAB demands a Judgment against Ms. Brayton, awarding damages together with prejudgment interest and an award of costs incurred in this action.

## COUNT II – Constructive Fraud

21. EAB incorporates here the common allegations, and paragraphs 18 and 19, above.

22. Ms. Brayton breached her fiduciary duty to EAB and took an unconscionable advantage of her position as practice manager by embezzling from EAB insurance premiums for which she was personally responsible.

23. Ms. Brayton fraudulently concealed her malfeasance and took improper advantage of a fiduciary relationship at EAB's expense.

24. EAB suffered damages as a direct and proximate result of Ms. Brayton's constructive fraud.

WHEREFORE, EAB demands a Judgment against Ms. Brayton, awarding damages together with prejudgment interest and an award of costs incurred in this action.

## COUNT III – Conversion

25. EAB incorporates here the common allegations above.

26. Ms. Brayton used her position as practice manager to exercise dominion and control over EAB's funds, which she used to pay insurance premiums that were her personal responsibility.

27. Ms. Brayton's actions were inconsistent with the rights of EAB in connection with its monies that Ms. Brayton converted to her own use.

28. EAB suffered damages as a direct and proximate result of Ms. Brayton's conversion of its money.

WHEREFORE, EAB demands a Judgment against Ms. Brayton, awarding damages together with prejudgment interest and an award of costs incurred in this action.

## COUNT IV – Unjust Enrichment

29. EAB incorporates here the common allegations above.

30. Ms. Brayton used her practice manager position to cause EAB to confer benefits upon her.

31. Ms. Brayton had knowledge of the benefits that she conferred upon herself from EAB's assets.

32. Ms. Brayton accepted and retained the benefits that she conferred upon herself.

33. The circumstances are such that it would be inequitable for Ms. Brayton to retain the benefits conferred without paying fair value for such benefits.

34. EAB suffered damages as a direct and proximate result of Ms. Brayton's unjust enrichment.

WHEREFORE, EAB demands a Judgment against Ms. Brayton, awarding damages together with prejudgment interest and an award of costs incurred in this action.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 23, 2022, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will serve a true and correct copy on all parties of record.

GRAYROBINSON, P.A.

By: /s/ Alec Russell
ALEC D. RUSSELL, ESQ.
Florida Bar No. 0248134
1795 W. NASA Blvd.
Melbourne, FL 32901
(321) 727-8100
(321) 984-4122 – fax
Primary email: Alec.Russell@gray-robinson.com
Secondary email: ToniMarie.DAlessandro@gray-robinson.com